COMMONWEALTH OF KENTUCKY
11TH JUDICIAL CIRCUIT
GREEN CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 17-CI-0036

FILED
APR - 4 2017

DEWAYNE HARMON            PLAINTIFF

VS.          **COMPLAINT**

GREEN-TAYLOR WATER DISTRICT
    Certified Mail: Ken Ferguson, Chairman
        250 Industrial Park Drive
        Greensburg, Kentucky 42743

KEN FERGUSON, individually and in his official capacity as
Chairman, Green-Taylor Water District
    Certified Mail: 250 Industrial Park
        Greensburg, Kentucky 42743

STEPHEN DURRETT, individually and in his official capacity as
Secretary/Treasurer, Green-Taylor Water District
    Certified Mail: 250 Industrial Park
        Greensburg, Kentucky 42743

WILLIAM NETHERLAND, individually and in his official capacity as
Commissioner, Green-Taylor Water District
    Certified Mail: 250 Industrial Park
        Greensburg, Kentucky 42743

TERRY MARDIS, individually and in his official capacity as
Commissioner, Green-Taylor Water District
    Certified Mail: 250 Industrial Park
        Greensburg, Kentucky 42743

HARRY KESSLER, individually and in her official capacity as
Commissioner, Green-Taylor Water District
    Certified Mail: 250 Industrial Park
        Greensburg, Kentucky 42743          DEFENDANTS

**** **** ****

1

Comes the Plaintiff, Dewayne Harmon, by counsel, and for complaint against the Defendants, state as follows:

## JURISDICTION

1. This is an action brought pursuant to 42 U.S.C. § 1983 and 1988, and the First Amendment to the Constitution of the United States and KRS 61.101, et. seq., Kentucky's Whistleblower Act. Jurisdiction is founded upon 28 U.S.C. § 1331 and 1343 (a) (3) and the aforementioned statutory and constitutional provisions;

2. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

## PARTIES

3. Plaintiff, Dewayne Harmon, is an adult resident of the State of Kentucky, Green County, and was previously employed by the Green-Taylor Water District for twenty six (26) years;

4. The individual Defendants, are each Officers and Board Members of the Green-Taylor Water District (GTWD) which is a body politic created pursuant to KRS 65.810 as a non-taxing special district; and further is a governmental body charged with the operation and oversight of the GTWD and provides drinking water to Green County and surrounding areas;

5. The within actions of said Defendants, and each of them, are based on individual liability and acts arising from the official capacity of each of them as agents of the Commonwealth of Kentucky and their employer GTWD;

6. The injuries sustained by the plaintiff and the conduct described hereinbelow by the defendants occurred in the County of Green, Commonwealth of Kentucky beginning on or about April 21, 2016;

## COUNT I
## CLAIMS FOR VIOLATION OF 42 U.S.C. § 1983
## AND PLAINTIFF FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH

7. In or about April 2016 the plaintiff advised the GTWD, by and through the Defendant Board Members that violations of regulations concerning water purification and testing were occurring at different sites within the lines operated by the GTWD;

8. Specifically, plaintiff advised that purification tests were being manipulated by diverting water from the testing site at the direction of the Superintendent of the GTWD to reflect erroneous results within regulatory standards;

9. That the actions of the GTWD resulted in tests being performed which did not accurately reflect the water purity at the respective testing sites, diverting water of poor quality away from the testing site, while allowing clean water to flow into the testing site;

10. Plaintiff expressed concern and complained to his superiors that the tests were not being performed correctly or in accordance with the applicable law, policy, and procedure and that the test results did not accurately reflect the quality of the water being delivered to the homes of customers of GTWD on a day to day basis;

11. Plaintiff was advised by the defendants herein, that the Officers, Board Members and their counsel were aware of the actions of the Superintendent and approved them and his complaints and concerns upon matters of public concern were discouraged and dismissed;

12. On or about April 21, 2016 Plaintiff was advised by the defendants that a special called meeting of the Officers and Board Members had been conducted and that they had made the decision to suspend him from his employment;

13. On or about July 8, 2016 Plaintiff's employment with the defendant was terminated;

14. Defendants unlawfully violated Plaintiff's Freedom of Speech by unlawfully disciplining him for speaking as a citizen and for making statements upon matters of public concern, which constitutes protected speech. Plaintiff is guaranteed this clearly established right by the First Amendment to the United States Constitution.

### COUNT II
### STATE LAW CLAIMS FOR VIOLATIONS OF KRS 61.101
### KENTUCKY'S WHISTLEBLOWER ACT

15. The Plaintiffs reassert each and every allegation contained in Count I hereof and incorporate each herein by reference as if fully set forth:

16. That this is an action for damages and relief pursuant to KRS 61.101, et. seq., commonly known as Kentucky's Whistleblower Act, which provides, generally, protection from reprisal and/or retaliation to public employees who disclose or report violations of the law.

17. That Plaintiff was at all times relevant hereto an "employee" within the scope and definition of the term "employee" set forth in KRS 61.101(1);

18. That the defendant was an "employer" within the scope of the definition of the term "employers" set forth in KRS 61.101(2);

19. That during his employment by defendant, Plaintiff reported and disclosed in good faith, facts and information concerning mismanagement, waste and other violations of law, as set forth herein above, to appropriate authorities;

20. That due to his disclosures to these appropriate authorities, Plaintiff was subjected to retaliation and reprisal, which culminated in Plaintiff's dismissal as an employee of the defendant;

21. That the aforementioned conduct was committed in violation of KRS 61.101, et seq.;

22. That as a direct and proximate result of the aforementioned conduct, the Plaintiff has suffered great and emotional distress and/or embarrassment and/or humiliation and/or mental anguish and/or wage loss and/or medical expense;

23. That the conduct of the defendant alleged herein was fraudulent, willfull, intentional, and/or wanton;

24. That as a proximate result of the aforesaid conduct of the defendants the plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff, Dewayne Harmon, demands judgment against the defendants, Green-Taylor Water District, Ken Ferguson, Stephen Durrett, William Netherland, Terry Mardis, and Harry Kessler, for a sum of money in excess of the minimum jurisdiction of this Court and for compensatory damages for violation of Plaintiffs' First Amendment Rights as secured and guaranteed to him by the Constitution of the United States and for violation of Kentucky's Whistleblower Act, all sustained as a result of, humiliation, wrongful termination, lost wages and further for an award of incidental and consequential damages against said defendant, for trial by jury on all issues joined, for Plaintiff's costs and reasonable counsel's fees pursuant to 42 U.S.C. § 1988, for punitive damages and all proper relief.

THEODORE H. LAVIT & ASSOCIATES, P.S.C.
Attorneys at Law
One Court Square, P.O. Box 676
Lebanon, Kentucky 40033
(270) 692-4471

BY: _____
THEODORE H. LAVIT
CAMERON C. GRIFFITH
Attorney for Plaintiff