UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00071-GNS

DEWAYNE HARMON                                                                                  PLAINTIFF

v.

GREEN-TAYLOR WATER DISTRICT et al.                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 4). The motion is ripe for adjudication. For the reasons outlined below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.    STATEMENT OF FACTS AND CLAIMS

Plaintiff Dewayne Harmon ("Harmon") is a former employee of Defendant Green-Taylor Water District ("GTWD"). (Notice Removal Ex. 2, ¶ 3, DN 1-2 [hereinafter Compl.]). Harmon alleges that in April 2016, he reported that "violations of regulations concerning water purification and testing were occurring at different sites within the lines operated by the GTWD." (Compl. ¶ 7). Subsequently, Harmon was suspended and then later terminated. (Compl. ¶¶ 12-13).

Harmon filed this action in Green Circuit Court against the GTWD and its board members in their official and individual capacities. (Compl. ¶ 4). He has asserted a federal civil rights claim arising from his First Amendment right of free speech, and a state law claim under the Kentucky Whistleblower Act ("KWA"), KRS 61.101-.103, 61.990-.991. (Compl. ¶¶ 7-24). Subsequently, Defendants removed the case to this Court. (Notice Removal, DN 1). In the

present motion, Defendants move to dismiss only the KWA claim on several grounds. (Defs.' Mot. Dismiss, DN 4).

## II. JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon federal question jurisdiction. *See* 28 U.S.C. § 1331. In addition, the Court has supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a).

## III. STANDARD OF REVIEW

A complaint will be dismissed when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). Considering motions under Rule 12(b)(6) requires the Court to construe the complaint in the most favorable light for the nonmoving party, accepting "as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citation omitted). While the pleadings need not contain detailed factual allegations, the nonmoving party must allege facts that when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## IV. DISCUSSION

In their motion, Defendants assert that Harmon cannot satisfy the elements of a KWA claim. As the Kentucky Court of Appeals has explained:

> In order to demonstrate a violation of KRS 61.102, an employee must establish the following four elements: (1) the employer is an officer of the state; (2) the employee is employed by the state; (3) the employee made or attempted to make a good faith report or disclosure of a suspected violation of state or local law to an appropriate body or authority; and (4) the employer took action or threatened to take action to discourage the employee from making such a disclosure or to punish the employee for making such a disclosure.

*Davidson v. Commonwealth, Dep't of Military Affairs*, 152 S.W.3d 247, 251 (Ky. App. 2004) (internal citations omitted). The court further stated that a person asserting a KWA claim must make a report of information "which was not already known, such as secretive agency procedures" to assert a viable KWA claim. *Id.* at 255.

Because this matter is before the Court on a Fed. R. Civ. P. 12(b)(6) motion, the record is limited to the allegations in the Complaint. From the face of the Complaint, Harmon alleges that he notified his superiors that the tests were being improperly conducted and leading to inaccurate test results. (Compl. ¶ 10). He specifically acknowledges he "was advised by the defendants herein, that the Officers, Board Members and their counsel were aware of the actions of the Superintendent and approved them . . . ." (Compl. ¶ 11).

Construing the Complaint in the light most favorable to Harmon, he was terminated for disclosing or reporting wrongdoing and was subsequently terminated in retaliation for his report in violation of the KWA. It is not clear whether the alleged improper conduct was widely known and publicly disclosed, and discovery is the proper vehicle to address this aspect of the claim. Even though the conduct may have been known within the GTWD, it is less clear that it was publicly known outside the GTWD. *See Helbig v. City of Bowling Green*, 371 S.W.3d 740, 743 (Ky. App. 2011) ("[W]e believe that Kentucky's equivalent to the [Whistleblower Protection Act], KRS 61.102, is not needed to encourage employees to disclose the illegality of a city commission's publicly enacted policy. That policy is already public; the public is presumed to know the law; and, any alleged illegality with regard to that policy is readily redressable by means of a declaratory action."). The KWA is intended to protect whistleblowers from retaliation when they disclose or report wrongdoing, and based on the allegations in the Complaint, it is not clear whether the alleged wrongful conduct was publicly known. *See Lewis-*

*Smith v. W. Ky. Univ.*, 85 F. Supp. 3d 885, 912 (W.D. Ky. 2015) ("The KWA protects public employees from retaliation when they disclose or report violations of law or mismanagement."). The motion will denied to the extent it seeks to dismiss the KWA claim in its entirety.

Alternatively, Defendants also seek to dismiss Harmon's punitive damages claim under the KWA as being time-barred. The Kentucky Supreme Court has held that the statute of limitations for such a claim is ninety days as provided for in KRS 61.103(2). *See Consol. Infrastructure Mgmt. Auth. v. Allen*, 269 S.W.3d 852, 855 (Ky. 2008). Harmon was terminated on or about July 8, 2016, and he did not file suit against Defendants in Green Circuit Court until April 4, 2017, which was almost nine months after his termination. Thus, any claim for punitive damages would be barred by the ninety-day statute of limitations in KRS 61.103(2). Accordingly, the motion will be granted on this basis.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 4) is **GRANTED IN PART** and **DENIED IN PART,** and Plaintiff's claim for punitive damages under the Kentucky Whistleblower Act is **DISMISSED WITH PREJUDICE**.

**Greg N. Stivers, Judge**
**United States District Court**
May 26, 2017

cc: counsel of record