UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00071-GNS

DEWAYNE HARMON                                                                   PLAINTIFF

VS.

GREEN-TAYLOR WATER DISTRICT, et al.                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Plaintiff Dewayne Harmon for an extension of time in which to identify an expert witness, DN 20. Defendants have responded in opposition at DN 21 and Harmon has replied at DN 22.

### Nature of the Case

On April 4, 2017 Harmon filed his complaint in state court. His complaint alleges that he was an employee of Defendant Green-Taylor Water District and that his termination from employment violated 42 U.S.C. § 1983, his rights under the First Amendment to freedom of speech and Kentucky's Whistleblower Act (DN 1-2). On April 19, 2017 the Defendants removed the action to this court.

On June 20, 2017 the parties jointly submitted their Rule 26 meeting report and proposed case scheduling deadlines (DN 11). Following a telephonic conference with the parties during which they discussed the schedule, the Court entered the scheduling order as proposed (DN 12). The order established a January 1, 2018 deadline for Harmon's identification of expert witnesses.

The Defendants were to identify their experts on March 1, 2018 and all discovery, both fact and expert, was to be concluded no later than August 1, 2018.

### Harmon's Motion

On June 19, 2018, some five and one-half months after the deadline for his identification of expert witnesses, Harmon filed the subject motion requesting an extension of the deadline. Harmon states that it was his "intent to testify concerning his damages related to the lost retirement benefit and the early retirement he was required to take. This was the basis of plaintiff's calculation and thus, no expert was identified prior to the deadline of January 2, 2018 per the Scheduling Order" (DN 20, p. 1). Harmon goes on to explain that he participated in a settlement conference with the undersigned on April 24, 2018, at which time "the computation of plaintiff's compensatory damages, including his lost wages and early retirement buyout were called into question" (Id.). Harmon states that he subsequently consulted with David Anderson, Ph.D., an expert on lost wage calculation, and obtained a report. The report attached as an exhibit to the motion is dated June 19, 2018, the same day the motion was filed (DN 20-2). Harmon asks that the scheduling order be amended to allow him to identify Dr. Anderson as an expert on damages.

### Defendants' Response

Defendants note that Harmon's complaint includes a claim for lost retirement benefits associated from his termination from employment. They state that Harmon's retirement benefits are governed by the Kentucky Retirement Systems and his computation of damages includes the economic loss associated with an early buyout as well as the difference in benefits due to early retirement. They contend the calculation requires reduction to present value, a matter usually requiring expert opinion. Defendants argue that "the need for an expert to identify retirement benefits has also been clear from the outset of the case" (DN 21, p. 4). Defendants state that the

case has now been pending for over a year, yet Harmon has not taken any depositions. Although Harmon claims to have learned that he would need an expert because of the settlement conference in April, Defendants note that he waited an additional two months to request an extension of the expired expert identification deadline. This, Defendants contend, fails to demonstrate diligence in Harmon's pursuit of the case.

### Harmon's Reply

Harmon appears to fault the Defendants for not providing him with responses to written discovery "which includes a request for plaintiff's entire personnel file, board minutes, and other documents identified in the defendants' initial disclosure which would greatly impact whether the plaintiff will need to take any additional fact discovery or depositions" (DN 22, p. 2).

Harmon next appears to fault the scheduling order for setting the deadline for his identification of experts before the deadline for discovery, arguing that "as the case progressed through seven months of discovery [following the expert identification deadline] . . . the need for expert testimony, even while exercising due diligence, could become apparent during the seven months of fact discovery following the expert witness deadline" (DN 22, p. 3).

Harmon argues that these factors demonstrate that he could not, in the exercise of diligence, determine the need for an expert before the identification deadline expired.

### Discussion

Harmon seeks to have the scheduling order amended so as to extend his date for identifying an expert witness. Fed. R. Civ. P. 16(b)(4) provides that a schedule "may be modified only for good cause and with the judge's consent." "'The primary measure of [Civil] Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party." Smith v.

3

Holston Med. Grp., P.C., 595 F. App'x 474, 478 (6th Cir. 2014) (*quoting* Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)). The Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. Id. at 479. The "good cause" standard "primarily considers the diligence of the party seeking the amendment. In other words, in order to demonstrate 'good cause' a party must show that despite their diligence the time table could not reasonably have been met." Woodcock v. Kentucky Dept. of Corr., No. 5:12-CV-00135-GNS-LLK, 2016 WL 3676768, at *2 (W.D. Ky. July 6, 2016) (*quoting* Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995)).

Here, Harmon has failed to demonstrate that he was unable to meet the deadline established in the scheduling order for identifying an expert witness. On October 23, 2017, prior to his deadline for identifying experts, he responded to Defendants' interrogatory asking for a calculation of his damages claims. He provided a calculation as "Future lost wages - $98,920.80: $421.17 per month in retirement benefits for a period of 20 years ($4,946.04 per year x 20 years = $98,920.80). Which does not include the cost of living increase" (DN 21-1, p. 3). Yet, when asked to identify his expert witnesses, he simply responded "Will supplement" (Id. at p. 2). When asked to produce any file maintained by any retained expert, Harmon responded "None" (Id. at p. 8). He concedes in his motion that, from the outset of the case, it was his intention to personally provide the testimony in support of his lost wage and retirement benefits claims (DN 20, p. 1).

Harmon complains that the deadline for his identification of expert witnesses preceded the discovery deadline. As an initial observation, the schedule the Court implemented was the schedule to which the parties agreed between themselves during the Rule 16 conference and which they jointly proposed to the Court. Harmon cannot now complain that he is dissatisfied with the

schedule which he proposed, and the Court adopted. *See* Bazini v. Advanced Adhesive Techs., No. 3:95-CV-22RM, 1996 U.S. Dist. LEXIS 16806, at *7-8 (N.D. Ind. June 27, 1996) (Party cannot agree to early deadline for identification of expert witness and then argue that the deadline was too early.). Moreover, Harmon has not demonstrated that he learned anything in discovery conducted since the expert identification deadline expired which revealed the need for an expert witness. He states in his reply that the need to identify an expert *could* become apparent in discovery after the deadline expired. He does not establish, however, that discovery after the deadline *did* cause the need for an expert to become apparent. To the contrary, he admits that discussions with the undersigned during the settlement conference caused him to question the prudence of relying solely on his own testimony to establish his economic damages in the case. This is a belated change in strategy, not newly discovered evidence.

Harmon's complaint that he is still owed discovery from the Defendants also fails to provide a basis upon which to justify amending the scheduling order. While he contends that the information he requested "would greatly impact whether the plaintiff will need to take any additional fact discovery or depositions" (DN 22-2), he has not demonstrated that the absence of this discovery prevented him from securing an expert before the identification deadline expired. To the contrary, he was able to provide a damages calculation in his answers to interrogatories and provide sufficient information to Dr. Anderson for him to prepare a report without the documents requested from the Defendants. Moreover, Harmon never asked the Court for assistance in obtaining the information by way of a motion to compel and never asked for an extension of the expert identification deadline until the same day he obtained Dr. Anderson's report over five months after the deadline expired.

In sum, Harmon's failure to identify an expert witness prior to the deadline is not due to any inability to obtain information or discovery, nor is it the result of any newly obtained information since the deadline expired. Harmon made a tactical decision to forego utilizing an expert to establish his economic damages and to rely on his own testimony. Based upon conversations at the settlement conference, it appears he now second-guesses the wisdom of that decision. Whether this was or was not a sound decision remains to be seen but waiting five months to change course does not demonstrate reasonable diligence.

ORDER

**IT IS HEREBY ORDERED** that Plaintiff's motion to amend the scheduling order, DN 20, is **DENIED**.

Copies to:   Counsel of Record